UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FARID JOHN JAFFARZAD | § | |
| Plaintiff, | § | |
| v. | § | Civil Case No. 4:19-cv-02410 |
| WAL-MART ASSOCIATES, INC. | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Farid John Jaffarzad (referred to as "Plaintiff" or "Jaffarzad") brings this lawsuit for violations of the retaliation provisions of the Fair Labor Standards Act and Title VII against Wal-Mart Associates, Inc. (referred to as "Defendant" or "Wal-Mart").

## I. INTRODUCTION

1. Plaintiff Farid John Jaffarzad complained regarding off-the-clock work and discriminatory practices by his manager at Wal-Mart and was subsequently demoted, denied pharmacist position, and terminated. Jaffarzad began working for Wal-Mart as a pharmacist on April 18, 2015. By June 25, 2016, he had been promoted to the position of Pharmacy Manager. His store which was underperforming improved during his tenure, but his complaints about off-the-clock work and regarding his manager ultimately resulted in his termination from employment.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 215 and 29 U.S.C. § 216(b) because it arises under the FLSA and Title VII federal statutes.

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)(2) because a significant part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas. Once disciplinary action was taken, Jaffarzad was not immediately stripped of his employment, but allowed to apply for positions in Houston. Ultimately, Wal-Mart argues that though he applied he was not the top candidate for a position in Houston.

## III. PARTIES

4. Farid John Jaffarzad is an individual who resides in Harris County, Texas and who was employed by Defendant for approximately two years.

5. Wal-Mart Associates Inc. is a Delaware corporation with an Arkansas headquarters doing business in the State of Texas. The company may be served through C T Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## IV. FACTS

6. Plaintiff commenced employment with Defendant on April 18, 2015 as a pharmacist.

7. Plaintiff was promoted to the position of Pharmacy Manager on June 25, 2016.

8. Shortly thereafter, Rabab Khoury became Plaintiff's direct supervisor.

9. On September 20, 2016, Jaffarzad complained to Khoury about a great deal of off-the-clock work he performed related to management meetings and store remodeling.

10. Khoury was attempting to take 23 hours of PTO from him, and Jaffarzad invoked his off-the-clock work which far exceeded 23 hours in an attempt to make sure the 23 hours were not taken.

11. Jaffarzad followed up on this issue by sending another e-mail on October 4, 2016 documenting his uncompensated off-the-clock work.

12. Khoury continuously demonstrated animosity towards Jaffarzad after his FLSA complaint regarding off-the-clock work.

13. The animosity manifested itself in Jaffarzad's performance review given on April 1, 2017.

14. Jaffarzad complained about the performance review to Khoury's manager Shantay Peloquin on April 6, 2017 invoking his metrics.

15. Little did he know, Shantay Peloquin and Rabab Khoury are close friends.

16. Jaffarzad had improved the Pharmacy's percent on time from below 50% to over 90% at the time.

17. Jaffarzad had worked with technicians to increase the Pharmacy's Input Accuracy to over 99% at this time.

18. Jaffarzad had also increased QPF to highest in the district at 9.34.

19. Despite these clear metric improvements, Jaffarzad's **"needs improvement"** review was upheld by Khoury's close friend Peloquin.

20. Pharmacy Managers do not clock in or clock out.

21. Though a Pharmacy Manager has a schedule, he/she is often required to perform work at home or go to the pharmacy during unscheduled times.

22. Pharmacy Managers are commonly allowed to cut their scheduled time in order to make up for additional hours they have worked.

23. Jaffarzad and other Pharmacy Managers in the market engaged in this practice of cutting scheduled time.

24. Jaffarzad was the only Pharmacy Manager in the market ever demoted for engaging in this practice.

25. On September 8, 2017, Jaffarzad contacted the ethics hotline to complain yet again that he was not being compensated for time worked off the clock.

26. In an e-mail he wrote on the same day, Jaffarzad complained as follows to Regional Manager Shantay Peloquin:

> Rabab [Khoury] has also acknowledged that my job forces me to work off the clock at home to do various Wal-Mart reports. Despite my report of this issue, Rabab has not instructed me to report all time in the future to Corporate, nor has she attempted to ensure I was paid for all hours over 40 that I have worked in the past. I have informed management that I work a minimum of 40 hours I.e. more than 40 hours, despite my time sheet attesting otherwise, because I am not being asked to document work from home. It is clear that Rabab's intent is that I do not report work from home to keep her budget down.

27. Jaffarzad was demoted from his position on October 16, 2017 and was not given the opportunity to continue working as a pharmacist in Tyler, Texas. He was explicitly told not to apply for jobs in Tyler.

28. Khoury was no longer his manager but made a special point to attend the meeting that in essence terminated Jaffarzad.

29. At least one Pharmacy Manager and two pharmacists continued to work in his store after his demotion, but Jaffarzad was not offered the opportunity to be the pharmacist.

30. Instead Jaffarzad was banned from applying for pharmacist positions in the Tyler, Texas market.

31. On November 15, 2017, Jaffarzad was terminated after not even being interviewed for an open pharmacist position in Houston. His former boss, Rabab Khoury, is a close friend of the Regional Manager, Shantay Peloquin.

32. Upon information and belief, Jaffarzad was the only candidate for the Houston position who had prior pharmacy management experience with Wal-Mart.

33. Through his attorney, Jaffarzad raised the issue of applying for additional pharmacist positions in Houston after his termination in November and again raised his FLSA retaliation claims.

34. Despite a request from his attorney and the fact that his termination of employment was occasioned by Wal-Mart in retaliation for his complaints, Wal-Mart refused to allow him to apply for Houston positions that were listed internally stating those positions were open to internal candidates only.

## V. RETALIATION UNDER THE FLSA

35. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

36. Defendant retaliated against Plaintiff when he complained about his lack of overtime compensation for off-the-clock work both in 2016 and 2017. Defendant retaliated by writing a negative performance review and then suggesting a method that would certainly result in the termination of the Plaintiff.

37. Plaintiff was treated differently than other comparators who had engaged in similar infractions.

38. To his knowledge, no other person in his market engaging in similar infractions was disciplined.

## VI. VIOLATIONS OF TITLE VII

39. Jaffarzad has satisfied administrative prerequisites by filing a Charge with the EEOC and obtaining a right to sue letter on May 13, 2019.

40. Jaffarzad was not treated the same as other Pharmacy Managers based on his gender and/or national origin.

41. Another Pharmacy Manager of a different national origin and gender was not terminated or disciplined.

42. Jaffarzad was the only Pharmacy Manager selected for investigation by Khoury.

43. Jaffarzad was terminated as a result of this discrimination causing him to lose wages and suffer emotional anguish.

## VII. JURY DEMAND

44. Plaintiff demands a trial by jury.

## VIII. PRAYER

45. Plaintiff requests that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

    a. All lost wages, an additional equal amount as liquidated damages, attorneys' fees and costs;

    b. Damages for non-pecuniary loss;

    c. Punitive damages in accordance with Title VII;

    d. All such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By: /s/ Hessam Parzivand
The Parzivand Law Firm, PLLC
ATTORNEY IN CHARGE
State Bar No. 24071157
hp@parzfirm.com
The Parzivand Law Firm, PLLC
10701 Corporate Dr.
Suite 185
Stafford, TX 77477
Telephone: (713) 533-8171
Telecopier: (713) 533-8193